**FILED**

MAY 0 6 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RANJITH KEERIKKATTIL )
    4707 Grand Bend Drive )
    Catonsville, MD 21228 )
     )
    Plaintiff, )
     )
    v. )
     )
RAYMOND STARGEL )
    101 M Street, S.W. )
    Washington, D.C. 20024 )
     )
CATHY LANIER )
    300 Indiana Avenue, N.W. )
    Washington, D.C. 20004 )
     )
CHANNING PHILLIPS )
    555 4th Street, N.W. )
    Washington, D.C. 20530 )
     )
KRISTINA WOLF )
    555 4th Street, N.W. )
    Washington, D.C. 20530 )
     )
    and )
     )
DISTRICT OF COLUMBIA )
    c/o Mayor Muriel Bowser )
    1350 Pennsylvania Avenue, N.W. )
    Washington, D.C. 20004 )
     )
    Defendants. )

Case: 1:16-cv-00857  (F-Deck)
Assigned To : Walton, Reggie B.
Assign. Date : 5/6/2016
Description: Pro Se Gen. Civil

**COMPLAINT**

**RECEIVED**

MAY 0 6 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## COMPLAINT

COMES NOW the Plaintiff RANJITH KEERIKKATTIL, respectfully alleges, states and

prays:

## INTRODUCTION

1. This is an action for declaratory and injunctive relief against Defendants

*1*

Raymond Stargel, Cathy Lanier, Channing Phillips, Kristina Wolf and District of Columbia enjoining them from arresting and prosecuting the Plaintiff for exercising his clearly established First Amendment Rights. The Defendants have invoked D.C. Code § 22-3133 to criminally prosecute Plaintiff's First Amendment protected speech and he fears that the Defendants will continue to invoke D.C. Code § 22-3133 in future to chill his First Amendment protected speech unless enjoined by this Court.

## PARTIES

2. Plaintiff RANJITH KEERIKKATTIL is a citizen of the United States and a resident of Maryland residing at 4707 Grand Bend Drive, Catonsville, MD, 21228.

3. Defendant RAYMOND ALAN STARGEL is a Grade II Detective with the District of Columbia's Metropolitan Police Department, First District and maintains his office at 101 M Street, S.W., Washington, D.C. 20024. He is a resident of Maryland residing at 2506 Kinderbrook Ln, Bowie, MD, 20715. Defendant Stargel is responsible for investigating petty crimes including alleged violations of D.C. Code § 22-3133 within the First District.

4. Defendant CATHY LYNN LANIER is the Police Chief of the District of Columbia's Metropolitan Police Department and maintains her office at 300 Indiana Avenue, N.W., Washington, D.C. 20004. Defendant Lanier is responsible for enforcing all of District of Columbia's laws including D.C. Code § 22-3133.

5. Defendant CHANNING D. PHILLIPS is the United States Attorney for the District of Columbia and maintains his office at 555 4th Street, N.W., Washington, D.C. 20530. As the United States Attorney, Defendant Phillips is responsible for the prosecution of the majority of crimes committed within the District of Columbia

including violations of D.C. Code § 22-3133.

6. Defendant KRISTINA WOLF is an Assistant United States Attorney ("AUSA") for the District of Columbia and maintains her office at 555 4th Street, N.W., Washington, D.C. 20530. Defendant Wolf is the line AUSA tasked by Defendant Phillips with prosecuting Plaintiff's misdemeanor proceeding - 2015-CMD-017652 in DC Superior Court for alleged violation of D.C. Code § 22-3133.

7. Defendant DISTRICT OF COLUMBIA is a municipal entity organized under the Constitution and laws of the United States.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the matter under 42 U.S.C. § 1983, 42 U.S.C. § 1988 and 28 U.S.C. § 1343 among other statutes.

9. This Court has jurisdiction to award declaratory relief pursuant to 28 U.S.C. § 2201, injunctive relief pursuant to 42 U.S.C. § 1983 and Fed. R. Civ. P. 65, and attorney's fees and costs pursuant to 42 U.S.C. § 1988.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants constitutional violations as well as the events giving rise to Plaintiff's claims primarily occurred in this district.

## FACTUAL ALLEGATIONS

11. Ranjith Keerikkattil ("Keerikkattil") and Stacy Sawin ("Ms. Sawin") were formerly colleagues employed with Deloitte Consulting LLP, a subsidiary of Deloitte LLP ("Deloitte"). Keerikkattil and Ms. Sawin met for the first time on March 4, 2015 at a Deloitte sponsored networking event. Ms. Sawin sent Keerikkattil a follow-up email the next day stating, "it was nice meeting with you yesterday" and thanked him for meeting

with her.

12. On or around April 14, 2015, Ms. Sawin gets fired from her project with United States Bureau of Engraving & Printing ("BEP"). On April 14, 2015, Ms. Sawin contacts Keerikkattil via Instant Message ("IM") requesting help in finding a project and with other opportunities at Deloitte.

13. Keerikkattil at the time was working on a project titled FPS at Deloitte. When an opportunity came up within the project, Keerikkattil suggested Ms. Sawin's name to the Project Director, Ritesh Verma. Mr. Verma made the decision to hire Ms. Sawin on to the project.

14. On or around May 30, 2015, Keerikkattil received a series of communication from Ms. Sawin that hinted that the Respondent was interested in a romantic relationship with her. Out of an abundance of caution, Keerikkattil sent her a Cease and Desist Letter.

15. Believing that her career already tarnished by her BEP firing could be in jeopardy, Ms. Sawin made multiple false and defamatory statements about Keerikkattil to Deloitte Human Resources ("HR") that resulted in him being unlawfully terminated from his employment with Deloitte. Ms. Sawin also enlisted her father Andrew Sawin ("Mr. Sawin") to dig up dirt on Keerikkattil.

16. After his unlawful termination from Deloitte, Keerikkattil sends Ms. Sawin a letter notifying her of imminent litigation and demands that responsive documents in her possession and control be preserved. Keerikkattil also sends Ms. Sawin a copy of the lawsuit against her. In addition Keerikkattil sends a farewell letter to his former colleagues at Deloitte regarding his unlawful termination, Ms. Sawin's role in causing his unlawful termination, her violations of Deloitte's Code of Ethics & Professional Conduct

and Deloitte's Title VII violations.

17. In order to retaliate against Keerikkattil for threatening to sue her, to stop Keerikkattil from investigation her as well as Mr. Sawin's role in causing his unlawful termination and to enhance her standing at Deloitte, Stacy Sawin walks into DC Metropolitan Police Department ("MPD") First District and files a Police Report claiming that Keerikkattil was stalking her.

18. At the First District Station, Ms. Sawin meets Raymond Alan Stargel, a fat, old and visually unappealing Grade II MPD Detective. Defendant Stargel could not refuse a young woman's (less than half his age) request to obtain an arrest warrant and criminal charges against Keerikkattil. So he rushes to DC Superior Court to obtain the arrest warrant against Keerikkattil to impress Stacy Sawin. In doing so, Defendant Stargel intentionally omits material facts and knowingly makes false statements committing both *Franks* [1]violation and criminal perjury.

19. Keerikkattil became aware of the misdemeanor arrest warrant about two months later in December 2015. After confirming the warrant by contacting Defendant Stargel and determined to challenge Stacy Sawin's frivolous stalking claim, Keerikkattil voluntarily appeared at the Superior Court for the District of Columbia on December 19, 2015 for arraignment. During arraignment Keerikkattil was informed that the United States Attorney for the District of Columbia has decided to initiate criminal prosecution against him for a single count of misdemeanor stalking in violation of D.C. Code § 22-3133(a)(1). Keerikkattil was released on self-recognizance immediately after arraignment considering the petty nature of the charge.

---

[1] *Franks v. Delaware*, 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978)

20. Based on his experience litigating First Amendment cases as well as information from the arrest warrant affidavit, charging information and discovery provided by the Government, it became evidently clear to Keerikkattil that he was being criminally prosecuted for his First Amendment protected speech necessitating this federal action to vindicate his constitutional rights.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983: U.S. CONST., AMEND. I VIOLATION**

21. Plaintiff repeats, re-alleges, and incorporates by reference the above paragraphs as though fully set forth herein.

22. Keerikkattil's e-mails to his former colleagues at Deloitte relating to his unlawful termination from Deloitte, Stacy Sawin's role in causing his unlawful termination, Stacy Sawin's violations of Deloitte's Code of Ethics & Professional Conduct and Deloitte's Title VII violations are protected speech under the First Amendment.

23. Keerikkattil's issuance of Litigation Preservation Notice as well as Notice of Litigation is protected under the First Amendment.

24. Keerikkattil's letter petitioning the Internal Revenue Service ("IRS") to launch an investigation into the alleged firing of Stacy Sawin from the United States Bureau of Engraving and Printing ("BEP") is protected under First Amendment and Right to Petition.

25. Defendants have initiated criminal prosecution against Keerikkattil for the above First Amendment protected speech and conduct.

26. Defendants have threatened arrest and criminal prosecution against Keerikkattil for future expressions of First Amendment protected speech and conduct.

27. As a direct and proximate result of Defendants' current and threatened future criminal prosecutions penalizing First Amendment protected speech and conduct, Keerikkattil has suffered and will continue to suffer substantial injury, damage, and loss, including, but not limited to loss of his personal and professional reputation, shame, mortification and emotional distress.

## SECOND CAUSE OF ACTION
## 42 U.S.C. § 1983: U.S. CONST., AMEND. V DUE PROCESS VIOLATION

28. Plaintiff repeats, re-alleges, and incorporates by reference the above paragraphs as though fully set forth herein.

29. Due Process Clause of the Fifth Amendment requires that any statute that imposes criminal liability must give potential defendants fair warning of what conduct is proscribed.

30. Sections under D.C. Code § 22-3133 with which Keerikkattil is charged and is threatened with future prosecution fails to provide him fair warning of what conduct is proscribed.

31. Sections under D.C. Code § 22-3133 with which Keerikkattil is charged and is threatened with future prosecution is unconstitutionally vague and overbroad.

32. As a direct and proximate result of Defendants' enforcement of the unconstitutionally vague and overbroad D.C. Code § 22-3133 in violation of Due Process Clause of the Fifth Amendment, Keerikkattil has suffered and will continue to suffer substantial injury, damage, and loss, including, but not limited to loss of his personal and professional reputation, shame, mortification and emotional distress.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff RANJITH KEERIKKATTIL prays for judgment against Defendants RAYMOND STARGEL, CATHY LANIER, CHANNING PHILLIPS, KRISTINA WOLF and DISTRICT OF COLUMBIA as follows:

1. Preliminary and permanent injunction enjoining Defendants from arresting and prosecuting the Plaintiff under D.C. Code § 22-3133 for protected First Amendment speech including but not limited to (i) internet postings (ii) e-mails and (iii) text messages.

2. Preliminary and permanent injunction enjoining Defendants from arresting and prosecuting the Plaintiff under D.C. Code § 22-3133 for filing any lawsuit against Stacy Sawin in any Court.

3. Preliminary and permanent injunction enjoining Defendants from arresting and prosecuting the Plaintiff under D.C. Code § 22-3133 for petitioning any government agency relating to Stacy Sawin.

4. Preliminary and permanent injunction enjoining Defendants' misdemeanor prosecution of Plaintiff in DC Superior Court (2015-CMD-017652).

5. Declaratory judgment stating that Defendants violated Plaintiff's First Amendment Rights.

6. Declaratory judgment stating that Defendants violated Plaintiff's Due Process Rights under the Fifth Amendment.

7. Attorney Fees and Costs pursuant to 42 U.S.C. § 1988.

8. Any other and further relief as the Court may deem just and proper.

Dated: May 6, 2016

Respectfully submitted,

Ranjith Keerikkattil
4707 Grand Bend Drive
Catonsville, MD 21228
rkeerikkattil@gmail.com
Tel: (443) 690-1031

*Plaintiff*